UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCEL THOMAS,<br><br>        Plaintiff,<br><br>- against -<br><br>THE NEW YORK TIMES COMPANY<br><br>        Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Marcel Thomas ("Thomas" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant The New York Times Company, ("Times" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Sumner Redstone walking in Manhattan with a companion owned and registered by Thomas, a New York based photojournalist. Accordingly, Thomas seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Thomas is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 1751 East Reno Avenue, #215, Las Vegas, Nevada 89119.  Thomas's photographs have appeared in many publications around the United States.

6. Upon information and belief, Times is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 620 Eighth Avenue, New York, New York 10018.  Upon information and belief, Times is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  At all times material hereto, Times has owned and operated a website at the URL: www.nytimes.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7. On March 10, 2001, Thomas photographed Sumner Redstone walking in Manhattan with a companion (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Thomas is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-018-174.

**B.     Defendant's Infringing Activities**

10. Upon information and belief, on or about May 5, 2016, Times ran an article on the Website entitled *Sumner Redstone Trial Captivates Hollywood and Wall Street*. See https://www.nytimes.com/2016/05/06/business/media/sumner-redstone-trial-could-be-lurid-and-spark-power-struggle.html. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

11. Times did not license the Photograph from Plaintiff for its article, nor did Times have Plaintiff's permission or consent to publish the Photograph on its Website.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST TIMES)
## (17 U.S.C. §§ 106, 501)

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Times infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Times is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Times have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Times be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded pre-judgment interest; and

5. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 15, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Marcel Thomas*